**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**BILLY MACK NICHOLS, JR.
ADC #92713**                                                                            **PLAINTIFF**

**V.**                                   **CASE NO. 5:15-CV-0003-BRW-BD**

**ANGELA STARKS-TYLER, et al.**                                          **DEFENDANTS**

<u>**RECOMMENDED DISPOSITION**</u>

**I.    <u>Procedures for Filing Objections</u>:**

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge Billy Roy Wilson.  Any party may file written objections to this

Recommendation.  Objections must be specific and must include the factual or legal basis

for the objection.  To be considered, objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wilson can adopt this Recommendation without

independently reviewing the record.  By not objecting, parties may also waive any right to

appeal questions of fact.

**II.    <u>Background</u>:**

Plaintiff Billy Mack Nichols Jr., an Arkansas Department of Correction ("ADC")

inmate, filed this lawsuit pro se and is proceeding *in forma pauperis*.  (Docket entries #2

and #11)  Mr. Nichols claims that Defendant Starks-Tyler violated his federally protected

rights by denying him medical treatment on November 5, 2014.  Specifically, Mr. Nichols

alleges that he had a sore, swollen foot and could not walk to the infirmary for treatment,

but that Ms. Starks-Tyler left him in his cell without treatment because he did not have a wheelchair prescription.  (#2 at p. 4)  Mr. Nichols also claims that Defendants Starks-Tyler and Chambers were deliberately indifferent to his welfare on November 3, 2014, when they again denied him access to medical care because he did not have a prescription for a wheelchair and could not walk to the infirmary.

In his amended complaint, Mr. Nichols alleges that the problems with his foot led to his being transported by wheelchair to the infirmary on February 11, 2015.  At that infirmary visit, Jacqueline Rhodes Carswell, A.P.N., gave Mr. Nichols a prescription for a wheelchair for traversing long distances.  (#32 at pp. 1, 4)

Defendants previously moved for judgment as a matter of law, which the Court granted in part, and denied, in part.  Mr. Nichols was allowed to proceed on his deliberate-indifference claims against Defendants Starks-Tyler and Chambers because material issues of fact remained about whether Defendants should have recognized that Mr. Nichols required medical attention and whether the delay in receiving treatment adversely affected his prognosis.

On October 14, 2015, the Court held a hearing to fully address the issues raised in pending motions, including his two motions for preliminary injunctive relief.  At the hearing, Mr. Nichols was permitted to testify, and all parties were allowed to present evidence.

Following the hearing, the parties presented additional documents for the Court to consider when ruling on the motions for preliminary relief.  (#191, #198, #199, #200, #201, #202, #205, #206, #207, #210)  The Court denied Mr. Nichols's pending motions for injunctive relief (#167, #171), as well as two of his motions to amend (#172, #174).

Now pending are the Defendants' motion for summary judgment and a number of motions filed by Mr. Nichols.  Based on the evidence presented, the Court concludes that the Defendants' motion for summary judgment (#211) should be GRANTED, and that Mr. Nichols's claims against Defendants Starks-Tyler and Chambers should be DISMISSED, with prejudice.  Mr. Nichols's remaining motions (#168, #173, #218, #226, #230, #232, #233, #235, #236, #237) should be DENIED, as moot.

## III.   <u>Analysis:</u>

### A.      Standard

In a summary judgment, the court rules in favor of a party before trial.  A party is entitled to summary judgment if the evidence, viewed in the light most favorable to the party or parties on the other side of the lawsuit, shows that there is no genuine dispute as to any fact that is important to the outcome of the case.  FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

### B.       Deliberate-Indifference Claim

In determining whether an official was deliberately indifferent to an inmate's serious medical needs, court must consider both objective and subjective factors. *Scott v. Benson*, 742 F.3d 335, 339-40 (8th Cir. 2014).  First, was the inmate first suffering from an objectively serious medical need?  See *id*. at 340.  An objectively serious a medical need is one that has been "diagnosed by a physician as requiring treatment" or must be "so obvious that even a layperson would easily recognize the necessity for a doctor's attention."  *Id*.  (quoting *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)).

Second, is there evidence that the defendant "actually knew of but deliberately disregarded" the inmate's serious medical need?  *Id*.  This showing requires a mental state "akin to criminal recklessness."  *Id*. (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)).  Gross negligence is insufficient to establish deliberate indifference.  *Fourte*, 746 F.3d at 387 (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)).

 Furthermore, a prison official who is "not involved in treatment decision made by the medical unit's staff and 'lack[s] medical expertise, . . . cannot be liable for the medical staff's diagnostic decision[s].'"  *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)).  "[I]f any claim of medical indifference . . . is to succeed, it must be brought against the individual directly responsible for [plaintiff's] medical care."  *Kulow v. Nix*, 28 F.3d 855, 859 (8th Cir. 1994) (quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992)).

4

Here, Mr. Nichols alleges that Defendant Starks-Tyler and Chambers refused to transport him to the infirmary by wheelchair on two occasions.  It is undisputed, however, that Mr. Nichols did not have a medical prescription for a wheelchair on the dates in question.   (#211-1 at p.2; #211-2 at p.2)  In addition, neither of these Defendants was authorized to issue Mr. Nichols a prescription for the use of a wheelchair.  (*Id*. at p.2; *Id*. at p.2)  These Defendants were not personally involved in Mr. Nichols's medical treatment; nor were they were involved in the daily delivery of medical services to inmates.  (*Id*. at pp.1-2; *Id*. at pp.1-2)

Finally, on the dates in question, neither Defendant observed any indication that Mr. Nichols was in need of emergency care.  (*Id*.)  In fact, on November 5, 2015, medical personnel informed Defendant Starks-Tyler that Mr. Nichols could walk to the infirmary to be seen for his sick-call request.  (#211-3 at p.3)

In response to the motion for summary judgment, Mr. Nichols makes it clear that he is unhappy with the medical treatment that he has received (or failed to receive) during his incarceration.  While the Court is sympathetic to Mr. Nichols's position, he has failed to produce any evidence that either Defendant Starks-Tyler or Chambers was deliberately indifferent to his medical needs.  The medical treatment, or the alleged lack of medical treatment, that Mr. Nichols has received appears be at issue in another civil lawsuit Mr. Nichols filed that is currently pending in this Court.  See *Nichols v. Blair*, *et al.*, E.D. Ark. Case No. 5:15cv249 and *Nichols v. Sanders, et al.*, E.D. Ark. Case No. 5:15cv260.

Mr. Nichols also argues that, even without a wheelchair prescription, either Defendant could have transported him to the infirmary by wheelchair if they had wanted to do so.  Even assuming this allegation is true, Mr. Nichols's claim still fails.

The failure of Defendants Starks-Tyler and Chambers to transport Mr. Nichols by wheelchair to the infirmary on the two dates in question, without any sign of a need for emergency treatment, amounts to gross negligence at most.  Such conduct fails to rise to the level of a constitutional violation.  Based on the facts presented, the Court cannot conclude that either Defendant acted with a mental state akin to "criminal recklessness."  As a result, these Defendants are entitled to judgment as a matter of law.

## IV.   <u>Conclusion</u>:

The Court recommends that the Defendants' motion for summary judgment (#211) be GRANTED, and that Mr. Nichols's claims against Defendants Starks-Tyler and Chambers be DISMISSED, with prejudice.  Mr. Nichols's remaining motions (#168, #173, #218, #226, #230, #232, #233, #235, #236, #237) should be DENIED, as moot.

DATED this 4th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

6